## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Joseph J. Getzen III, on behalf of himself
and all others similarly situated,

          Plaintiff,

    v.

Leaf Home, LLC, and Leaf Home Water
Solutions, LLC,

         Defendants.

CASE NO.

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

### Nature of this Action

1.     Joseph J. Getzen III ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Leaf Home, LLC, and Leaf Home Water Solutions, LLC (together, "Defendants") under the Telephone Consumer Protection Act ("TCPA").

2.     Upon information and belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent.

3.     Specifically, Defendants routinely and repeatedly call consumers' cellular telephone numbers—like Plaintiff—while using an artificial or prerecorded voice to sell water filtration systems and water treatments.

4.     Additionally, upon information and belief, Defendants routinely violate

1

47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by placing more than one advertisement or marketing telephone call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

**Parties**

5.     Plaintiff is a natural person who at all relevant times resided in the City of Walled Lake, County of Oakland, State of Michigan.

6.     Leaf Home, LLC is a Delaware limited liability company with its principal place of business in Hudson, Ohio.

7.     Leaf Home Water Solutions, LLC is a Delaware limited liability company with its principal place of business in Hudson, Ohio.

8.     Leaf Home Water Solutions, LLC is a subsidiary of Leaf Home, LLC.

9.     Defendants together tout that they are "America's Largest Home Improvement Company," and offer "gutter systems," "water solutions," "stair life" installations, bath remodeling, and garage flooring as part of their suite of products and services.[1]

10.     Defendants' website touts that it offers "gutter guards" and "water solutions" services in numerous cities in Michigan, including Detroit.[2]

---

[1]     https://www.leafhome.com/ (last visited May 9, 2025).

[2]     https://www.leafhome.com/locations (last visited May 9, 2025).

2

**Jurisdiction and Venue**

11.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

12.     Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

13.     In particular, upon information and belief, Defendants directed their telemarketing calls and artificial or prerecorded voice messages to Plaintiff's telephone in this district, and Plaintiff received Defendants' calls in this district.

**Factual Allegations**

14.     Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(248) 719-XXXX.

15.     Plaintiff uses his cellular telephone as his personal residential telephone number.

16.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

17.     Plaintiff's mother registered Plaintiff's cellular telephone number with the DNC Registry on March 1, 2013, with his permission and authorization, and Plaintiff has maintained that registration through the present date.

3

18.    Beginning in November 2024, and continuing through at least December, Plaintiff received over fifty telephone calls from a rotating series of telephone numbers, including at least fifteen that played prerecorded voice messages to his cellular telephone.

19.    Specifically, Plaintiff received the following calls:

| Date | Telephone Number | Number of Telephone Calls |
|---|---|---|
| 11/4/2024 | 13133802785 | 4 |
| 11/5/2024 | 12489191074 | 3 |
| 11/6/2024 | 12489191069 | 3 |
| 11/7/2024 | 12489191072 | 1 |
| 11/8/2024 | 12489191067 | 2 |
| 11/9/2024 | 12489191060 | 2 |
| 11/10/2024 | 12489191056 | 1 |
| 11/11/2024 | 12489191051 | 3 |
| 11/12/2024 | 13135240576 | 2 |
| 11/13/2024 | 12489191072 | 1 |
| 11/14/2024 | 12489191066 | 2 |
| 11/15/2024 | 12489191059 | 2 |
| 11/16/2024 | 12489191050 | 2 |
| 11/17/2024 | 13133802785 | 1 |
| 11/18/2024 | 12489191074 | 2 |
| 11/19/2024 | 12489191069 | 2 |
| 11/20/2024 | 12489191063 | 2 |
| 11/21/2024 | 12489191057 | 2 |
| 11/22/2024 | 13135240576 | 1 |
| 11/23/2024 | 13133802781 | 2 |
| 11/24/2024 | 12489191066 | 1 |
| 11/25/2024 | 12489191059 | 1 |
| 11/26/2024 | 12489191055 | 2 |
| 11/27/2024 | 12489191066 | 2 |
| 11/30/2024 | 12489191066 | 1 |

| 12/2/2024 | 12489191050 | 1 |
|---|---|---|
| 12/3/2024 | 12489191074 | 1 |
| 12/4/2024 | 12489191069 | 1 |
| 12/9/2024 | 12489191073 | 1 |
| 12/10/2024 | 12489191067 | 1 |
| 12/11/2024 | 12489191060 | 1 |
| 12/12/2024 | 12489191056 | 1 |

20.   Samples of the prerecorded messages Defendants delivered can be found <u>HERE</u>.

21.   Many of these calls left voicemails that played prerecorded voice messages offering "free estimates" and water tests as a pretext to sell water treatment and filtration systems for homeowners.

22.   Specifically, Defendants describe the "free estimate" and water test as step one in their three-part sales process:[3]



---

[3]     https://www.leafhome.com/water-solutions (last visited May 9, 2025).

23.    Plaintiff is not, and was not, interested in Defendants' services or marketing.

24.    Defendants' issues with cold-call telemarketing—including through the use of an artificial or prerecorded voice—appear rampant, as Defendants—or their affiliates—have been sued on multiple occasions for the conduct alleged here. *See, e.g., Lirones v. Leaf Home Water Solutions, LLC*, Case No. 5:23cv2087 (N.D. Ohio); *Scott v. Leaf Home, LLC*, Case No. 3:23-cv-161 (N.D. Ga.); *Sisco v. Leaf Home Enhancements, LLC*, Case No. 5:24cv1455 (N.D. Ohio).

25.    Moreover, numerous consumers have complained about similar unwanted calls from Defendants, including:

- "This business calls every day, multiple times a day to solicit business. These are unwanted calls. Call blocking does not work, because they change their number each time. Total spam. These calls need to stop. I don't want to hear from them again."[4]

    o Defendants—or one of their affiliates—responded: "Customer has been added to the Do Not Call List." *Id.*

- "They will not stop calling me. Multiple times a day through different

---

[4]    https://www.bbb.org/us/oh/hudson/profile/water-treatment-equipment/leaf-home-water-solutions-llc-0272-235838299/complaints?page=3 (last visited May 9, 2025).

numbers. I've tried to block them and they continue to call me."[5]

   o Defendants—or one of their affiliates—responded: "Customer has been added to the Do Not Call List." *Id.*

- "I have received dozens of calls from Leaf Water. Each time they call I block the number. They change the source phone number and call again. I am not a home owner and have never reached out to them for any information. I want the harrassment[sic] to stop."[6]

   o Defendants—or one of their affiliates—responded: "Customer has been added to the Do Not Call List." *Id.*

26.    Plaintiff did not give Defendants prior express consent or prior express written consent to place calls to his cellular telephone number for telemarketing purposes or by using an artificial or prerecorded voice.

27.    Plaintiff did not sign up to receive any calls from Defendants, or otherwise seek to transact with Defendants, through any website, vendor, or personal interaction.

28.    Upon information and belief, and in light of the nature and character of the voice messages at issue, Defendants used a prerecorded voice to deliver calls to

---

[5]     *Id.*

[6]     https://www.bbb.org/us/oh/hudson/profile/water-treatment-equipment/leaf-home-water-solutions-llc-0272-235838299/complaints?page=6 (last visited May 9, 2025).

Plaintiff's cellular telephone number.

29.     Upon information and belief, Defendants placed the calls to Plaintiff's cellular telephone number for non-emergency purposes.

30.     Upon information and belief, Defendants placed the calls to Plaintiff's cellular telephone number voluntarily.

31.     Upon information and belief, Defendants placed the calls to Plaintiff's cellular telephone number under their own free will.

32.     Upon information and belief, Defendants had knowledge that they were using an artificial or prerecorded voice to place their calls to Plaintiff's cellular telephone number.

33.     Upon information and belief, Defendants intended to use an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number.

34.     The purpose of the solicitation calls at issue was to advertise and to market Defendants' business or services.

35.     Plaintiff did not give Defendants prior express invitation or permission to place advertising or telemarketing calls to his cellular telephone number.

36.     Plaintiff suffered actual harm as a result of the calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

37.     Upon information and belief, Defendants knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

8

## Class Action Allegations

38.     Plaintiff brings this action under Federal Rule of Civil Procedure 23,

and as a representative of the following classes (the "Classes"):

**Robocall Class:**

> All persons and entities throughout the United States (1) to whom Leaf
> Home, LLC, or Leaf Home Water Solutions, LLC placed, or caused to
> be placed, a call directed to a number assigned to a cellular telephone
> service, but not assigned to a current or prospective customer of Leaf
> Home, LLC, or Leaf Home Water Solutions, LLC, (2) by using an
> artificial or prerecorded voice, (3) from four years preceding the date
> of this complaint through the date of class certification.

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Leaf Home, LLC,
> or Leaf Home Water Solutions, LLC placed, or caused to be placed,
> more than one call within a 12-month period, promoting Leaf Home,
> LLC's, or Leaf Home Water Solutions, LLC's, or their business
> partners', goods or services, (2) where the person's residential or
> cellular telephone number had been registered with the National Do Not
> Call Registry for at least thirty days Leaf Home, LLC, or Leaf Home
> Water Solutions, LLC placed, or caused to be placed, at least two of the
> telephone calls within the 12-month period, (3) within four years
> preceding the date of this complaint through the date of class
> certification.

39.     Excluded from the Classes are Defendants, their officers and directors,

members of their immediate families and their legal representatives, heirs,

successors, or assigns, and any entity in which Defendants have or had a controlling

interest.

40.     Upon information and belief, the members of the Classes are so

numerous that joinder of all of them is impracticable.

41.    The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

42.    The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

43.    In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties, including members of the Classes.

44.    Plaintiff's claims are typical of the claims of the members of the Classes.

45.    As they did for all members of the Robocall Class, Defendants placed telephone calls by using an artificial or prerecorded voice to Plaintiff's telephone number absent prior express consent.

46.    As they did for all members of the Federal Do-Not-Call Registry Class, Defendants delivered solicitation telephone calls to Plaintiff's telephone number more than thirty days after Plaintiff registered his cellular telephone number with the DNC Registry.

47.    Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendants.

48.     Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

49.     Plaintiff suffered the same injuries as the members of the Classes.

50.     Plaintiff will fairly and adequately protect the interests of the members of the Classes.

51.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

52.     Plaintiff will vigorously pursue the claims of the members of the Classes.

53.     Plaintiff has retained counsel experienced and competent in class action litigation.

54.     Plaintiff's counsel will vigorously pursue this matter.

55.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

56.     The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

57.     Issues of law and fact common to all members of the Classes include:

a.      For the Robocall Class, Defendants' practice of placing telephone calls to cellular telephone numbers, with the use of an artificial or prerecorded voice, absent prior express consent;

b.   For the Federal Do-Not-Call Registry Class, Defendants' practice of placing telephone calls, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

c.   Defendants' conduct, pattern, and practice as it pertains to delivering artificial or prerecorded voice solicitation messages;

d.   Whether Leaf Home, LLC, and Leaf Home Water Solutions, LLC are each responsible for the communications at-issue;

e.   Defendants' violations of the TCPA; and

f.   The availability of statutory penalties.

58.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

59.    If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

60.    The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

61.    The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish

incompatible standards of conduct for Defendants.

62.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

63.    The damages suffered by the individual member of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

64.    The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

65.    There will be no extraordinary difficulty in the management of this action as a class action.

66.    Defendants acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of the Robocall Class**

67.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-66.

68.    Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by delivering

artificial or prerecorded voice messages to Plaintiff's cellular telephone number without prior express consent.

69.     As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the Robocall Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

70.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-66.

71.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

72.     Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

73.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a

14

violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

74.     Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

75.     Defendants violated 47 U.S.C. § 227(c)(5) because they placed, or caused to be placed, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call in a 12-month period in violation of 47 C.F.R. § 64.1200.

76.     As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a.     Determining that this action is a proper class action;

  b.     Designating Plaintiff as a class representative of the proposed Class under Federal Rule of Civil Procedure 23;

15

c.  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d.  Adjudging and declaring that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(c)(5);

e.  Enjoining Defendants from continuing their violative behavior, including placing telephone calls with the use of an artificial or prerecorded voice to consumers without prior express consent, and placing solicitation calls to telephone numbers registered with the DNC Registry for at least thirty days;

f.  Awarding Plaintiff and the members of the Robocall Class damages under 47 U.S.C. § 227(b)(3)(B);

g.  Awarding Plaintiff and the members of the Robocall Class treble damages under 47 U.S.C. § 227(b)(3)(C);

h.  Awarding Plaintiff and the members of the Federal Do-Not-Call Registry Class damages under 47 U.S.C. § 227(c)(5)(B);

i.  Awarding Plaintiff and the members of the Federal Do-Not-Call Registry Class treble damages under 47 U.S.C. § 227(c)(5)(C);

j.  Awarding Plaintiff and the members of the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

16

k.    Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

l.    Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: May 13, 2025

*/s/ Alex D. Kruzyk*
Alex D. Kruzyk (TX Bar No. 24117430)
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd., Suite 1-250
Austin, Texas 78735
Tel: (561) 726-8444
Fax: (877) 453-8003
akruzyk@pkglegal.com

Ronald S. Weiss (P48762)
7035 Orchard Lake Road, Suite 350
West Bloomfield, MI 48322
Tel: (248) 737-8000
Fax: (248) 737-8003
Ron@RonWeissAttorney.com

*Counsel for Plaintiff and the proposed classes*